IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY GEANOUS,

      Plaintiff,                                          06cv0824

v.                                                       **ELECTRONICALLY FILED**

PITTSBURGH POLICE DEPARTMENT,

      Defendant.

## Memorandum Opinion

### I.    Introduction

Pending before this Court is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), respectively (doc. no. 3). For the reasons that follow, this Court will grant defendant's motion to dismiss.

Pro se plaintiff, Kelly Geanous ("Geanous"), brings this action against the Pittsburgh Police Department ("defendant") alleging that the City of Pittsburgh Borough of Police generated an offense/incident report for a criminal complaint that was filed against plaintiff on February 16, 2005, and that, despite issuing a subpoena to produce said report, defendant declined to produce those materials. Plaintiff requests that a "complete police report" be produced and that plaintiff's court costs be paid by defendant (doc. no. 1). Defendant alleges that the complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### II.    Standard of Review

When the Court considers a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it must first determine whether the defendant is

making a facial or factual jurisdictional attack. In a facial jurisdictional attack, where the defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the Court must consider the allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977). In a factual jurisdictional attack, where the defendant argues that the Court lacks jurisdiction based on evidence outside of the pleadings, the standard of review is very different. "Because at issue in a factual 12(b)(1) motion is the trial court's [actual] jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 891. Thus, when presented with a factual 12(b)(1) motion, the Court may consider evidence outside of the pleadings, *id.*, and need only accept the plaintiffs' uncontroverted allegations as true, *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993)(citing *Gibbs v. Buck*, 307 U.S. 66, 72 (1939) and 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § § 1350, 1363, at 219-20, 457 (2d ed. 1990)).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the Court must construe the pleading in the light most

favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

### III.  Discussion

Defendant alleges that on the face of the complaint, this Court lacks subject matter jurisdiction, and that plaintiff fails to state a claim upon which relief may be granted.

Ordinarily, this Court only has original subject matter jurisdiction over suits involving diversity of citizenship or federal questions pursuant to 28 U.S.C. § 1332 or 1331, respectively. Here, plaintiff avers that all parties are residents of the Commonwealth of Pennsylvania. Therefore, this Court does not have jurisdiction on the basis of diversity of citizenship.

The question of whether a claim "arises under" federal law so as to support original jurisdiction of the claim under 28 U.S.C. § 1331 must be determined by reference to the well-pleaded complaint and jurisdiction may not be sustained on a theory that plaintiff has not advanced. *Merrell Dow Pharmaceuticals Inc. v. Thompson, et al.,* 478 U.S. 804, 810 (1986).

Here, plaintiff alleges that jurisdiction is based upon 28 U.S.C. § 1608. However, Title 28 of the United States Code at Section 1608 provides no substantive cause of action. Rather, it deals solely with service of process upon foreign states or political subdivisions of foreign states. Accordingly, because Section 1608 does not confer jurisdiction on this Court, and even under the

liberal pleading requirements for pro se complaints, *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), plaintiff fails to point to any federal authority which creates a private cause of action for defendant's alleged failure to provide the information requested by the subpoena, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction .

Further, although plaintiff does not allege a violation of the Freedom of Information Act, 5 U.S.C. § 552, given the facts alleged, plaintiff's claim does not raise a federal question under the Freedom of Information Act because that statute deals only with denials by federal agencies of public records, and it provides no relief against local police departments.[1]

In addition to the fact that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), plaintiff's complaint also fails to state a claim upon which relief may be granted. When viewing the allegations of the complaint in the light most favorable to plaintiff, again, even under the liberal pleading requirements for pro se complaints, this Court finds that the allegations of the complaint fall far short of stating any claim upon which relief may be granted.

Finally, pending before this Court is plaintiff's letter motion for the Court to appoint her an attorney.  This Court does not ordinarily appoint attorneys to civil actions such as these, especially in light of the fact that plaintiff has not, and cannot, allege a federal cause of action for a City Police Department's denial of a subpoena to produce documents.  *Tabron v. Grace,* 6 F.3d 147 (3d Cir. 1993)(The threshold legal requirement for appointment of counsel is the arguable merit of the case).  Accordingly, plaintiff's motion to appoint counsel will be denied.

---

[1]The Right to Know Law, 65 P.S. § 66.1, is the only statute which conceivably governs plaintiff's access to state and local government records, but it provides that any cause of action thereon must be brought in state court.

An appropriate order follows.

       s/Arthur J. Schwab
       Arthur J. Schwab
       United States District Judge

cc:   All counsel of record as listed below

Kelly A. Geanous
245 Avenue B
Pittsburgh, PA 15221

Christopher J. Sichok, Esquire
City of Pittsburgh Department of Law
414 Grant Street
313 City-County Building
Pittsburgh, PA 15219